BeNNett, Judge,
delivered the opinion of the court:
•Plaintiff, Lester J. Kantor, a medical doctor, having exhausted his administrative remedies without success before the Civil Service Commission, brings this action to receive a lump-sum payment[1] or retirement annuity credit for 830 hours of unused sick leave [2] accumulated during his tenure with the Bureau of Indian Affairs, Department of the 'Interior, from February 1, 1939 until November 24, 1951.
Defendant does not contest that certain sick leave was, in fact, accumulated during plaintiff’s employment with the Indian Service. Defendant argues that although the unused sick leave was accumulated pursuant to a formal leave system at the Department of the Interior, it was not in fact to plain *4 tiff’s credit for bis use when he retired for disability on May 3,1971, from the Veterans Administration to which he had transferred his employment in 1951. At the time of this transfer of jobs there was no law authorizing the transfer of unused sick leave from one agency or department to another where they were under different leave systems, as here, for medical personnel.[3] Such a law was enacted on July 2, 1953, ch. 178, § 4(b), 67 Stat. 138, now 5 U.S.C. § 6308.[4] Defendant argues that section 6308 cannot be read to apply retroactively and that pertinent regulations promulgated by the Civil Service Commission under its statutory authority to implement the statute do not permit the sick leave to be recredited to plaintiff’s account under the circumstances of this case so that it can be used in computing his annuity pursuant to 5 U.S.C. § 8339(m).[5]
While the result may seem harsh, the court is persuaded that the law is on defendant’s side and the decision of the Civil Service Commission in denying plaintiff’s claim must be sustained by the court.
In its decision in plaintiff’s case on March 12, 1973, the Board of Appeals and Review of the Civil Service Commission dealt with plaintiff’s contention that the decision of the Bureau of Retirement, Insurance, and Occupational Health on May 3, 1972, was in error. The bureau held that for sick leave to be transferable, 5 U.S.C. § 8339 (m) implicitly re *5 quires that it must be immediately available to the employee. The members of the CSC had so ruled on August -5,1970. For annuity computation purposes, such leave that is only potentially recreditable, should an employee return to a position subject to the leave statute, was therefore held not to be transferable. Plaintiff contends that such a construction of the statute was not within the congressional intent, but there is no legislative history to support his position.
In support of its argument and position, defendant cites 5 C.F.R. § 630.502 (e) (1974), which provides:
An employee who transfers to a position to which he cannot transfer his sick leave is entitled to a recredit of the untransferred sick leave if he returns to the leave system under which it was earned, without a break in service of more than 3 years. [Emphasis added.]
The recredit language was first issued in 1953 by the Civil Service Commission pursuant to the authority granted it under 5 U.S.C. § 6311, which authorizes the CSC to prescribe such regulations as are necessary to carry out the leave provisions enacted by Congress. As it might be applied here the regulation indicates that plaintiff’s unused sick leave could have been recredited to him had he returned to the Department of the Interior, or another agency under the same leave system, within 3 years after retiring from the Veterans Administration on May 3,1971, or at any time prior thereto, if a prohibited break in service had not intervened. But, plaintiff never returned to the employ of the Department of the Interior prior to or after his retirement from the Veterans Administration in 1971.
For his part, plaintiff simply ignores section 630.502(e), not even mentioning the regulation in his reply to defendant’s cross-motion for summary judgment. Plaintiff contends that the claimed sick leave was “to his credit” on the date of his retirement from federal service in 1971. In support of this argument plaintiff refers to a letter addressed to him from Associate Commissioner Cox, Department of the Interior, dated May 6, 1970, as follows:
In accordance with the provisions of Section 630.5-3 [sic] this is to certify that the sick leave earned and to your credit at the time of your separation from the Bu *6 reau of Indian Affairs, 830 hours (effective 11/24/51), would ha/oe been recredited to you had you been reemr floyed by the Bureau on the same date as you were hired by the V.A. Hospital, Kenville, Texas. Apparently through an oversight the sick leave to your credit had never been transferred to the Veterans Administration. [Emphasis added.]
The letter is consistent with the regulation cited[6] and the preceding one relied upon by defendant in that plaintiff’s reemployment was necessary to obtain the recredit of leave but he was not so reemployed and thus forfeited his leave. The rest of the letter is in obvious error, particularly as it suggests that the lack of transfer of the leave was an oversight. There was no authority for the transfer of sick leave when plaintiff left Interior, so his leave did not follow him to the Veterans Administration for that reason.
In construing the regulation, 5 C.F.R. § 630.502(e), plaintiff’s challenge to it raises the question — what does the provision mean when it says that sick leave will be reeredited “if he returns” to his former leave system if such leave always remained “to the credit” of an employee even though he changed to a job where he could not use it and did not return to the job where he could? Stated another way. If the leave was continously “to his credit” why would it have to be recredited upon a return to the former agency? To ask the question is to answer it. There would be no need for the provision of recredit of sick leave in such circumstances. Of course, the leave was not to plaintiff’s credit but was held in abeyance until such time as it might be recredited by reemployment under the prior leave system without an intervening 3-year break in service. Unambiguous words must be given their plain and commonly understood meaning in construction. Selman v. United States, 204 Ct. Cl. 675, 498 F. 2d 1354 (1974). Absurd and whimsical results of inter *7 pretation, unrelated to congressional purpose, are to be avoided. Church of the Holy Trinity v. United States, 143 U.S. 457, 460 (1892) ; Northwest Marine Iron Works v. United States, 203 Ct. Cl. 629, 493 F. 2d 652 (1974). The administrative construction of an authorized regulation is entitled to enforcement here where plaintiff has not reclaimed his leave in a manner set forth in the regulation.
Plaintiff argues, finally, that 5 U.S.C. § 6308, adopted in 1953 to authorize transfer of sick leave between different leave systems, ought to be construed retroactively to cover his situation. But, such is not the usual rule. There is, in fact, a general rule against retroactive application of statutory enactments. Greene v. United States, 376 U.S. 149, 159-60 (1964) ; Lockheed Aircraft Corp. v. United States, 192 Ct. Cl. 36, 46, 426 F. 2d 322, 327-28 (1970). Further, the rule is well established that the construction given to any law or regulation by the administrative agency charged by statute with carrying it out, is entitled to great weight by the courts and ought not to be overrruled without very compelling reasons. Such reasons would include a construction clearly wrong, contrary to the statute or to congressional intent, or in excess of authority conferred by law. To sustain the administrative construction, it is not necessary for a court to find that the construction is the only reasonable one or even that it produces the same result the court would have reached in the first instance in judicial proceedings. Udall v. Tallman, 380 U.S. 1, 16-17 (1965) ; United States v. Shimer, 367 U.S. 374, 381-82 (1961) ; Barrington Manor Apts. Corp. v. United States, 198 Ct. Cl. 298, 304, 459 F. 2d 499, 502-03 (1972) ; Port Authority of St. Paul v. United States, 193 Ct. Cl. 108, 115, 432 F. 2d 455, 458-59 (1970); American Guar. Corp. v. United States, 185 Ct. Cl. 502, 506, 401 F. 2d 1004, 1006-07 (1968) ; Schellfeffer v. United States, 170 Ct. Cl. 178, 187, 343 F. 2d 936, 942 (1965). We are satisfied here, however, that the administrative interpretation was fully correct. Absent the salutory benefit of 5 U.S.C. § 6308, plaintiff is without a remedy at law.[7] Further, the “recredit” language of 5 C.F.R. *8 § 630.502(e), has been a part of the Code of Federal Regulations for almost 21 years. See 18 Fed. Reg. 5676 (1953). The language removes from consideration any notion that the hours of sick leave were “to [plaintiff’s] credit” under section 8339 (m) after his transfer to the Veterans Administration.
Accordingly, plaintiff’s motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and plaintiff’s petition is dismissed.

 Plaintiff has abandoned his claim for a lump-sum payment as he now agrees that defendant’s denial of such payment was correct. This court held in Burich v. United States, 177 Ct. Cl. 139, 150, 366 F. 2d 984, 990-91 (1966), cert. denied, 389 U.S. 885 (1967), that no lump-sum payment Is allowed for accrued sick leave.

 Defendant’s brief both admits and denies that plaintiff earned 830 hours of unused sick leave during Ills tenure with the Indian Service. Since our decision Is to deny plaintiff’s claim, it will not be necessary to resolve this question. For purposes of our consideration of the pending motions, plaintiff’s figure Is accepted as correct.

 The Department of Medicine and Surgery, Veterans Administration, was created in 1946. Ch. 658, 69 Stat. 675. The leave system established under that authority was not subject to the annual and sick leave laws of March 14, 1936, chs. 140, 141, 49 Stat. 1161, 1162, or the Annual and Sick Leave Act of 1951, ch. 631, 65 Stat. 679. The Civil Service Commission is without authority to regulate the leave system established for the Department of Medicine and Surgery of the Veterans Administration. The Comptroller General so advised plaintiff on Sept. 29, 1971, and Dec. 9, 1971.

 5 U.S.C. § 6308: “The annual and sick leave to the credit of an employee who transfers between positions under different leave systems without a break in service shall be transferred to his credit in the employing agency on an adjusted basis under regulations prescribed by the Civil Service Commission, * *

 5 U.S.C. § 8339(m), effective Oct. 20, 1969, provides: “In computing any annuity under subsections (a) — (d) of this section, the total service of an employee who retires on an immediate annuity * * * includes, without regard to the limitations imposed by subsection (e) of this section, the days of unused sick leave to Ms credit under a formal leave system, except that these days will not be counted in determining average pay- or annuity eligibility under this subchapter.” [Emphasis added.]

 5 C.F.R. § 630.503 (1974) reads: "Leave from former leave systems. An employee wlio earned leave under the leave acts of 1936 or any other leave system merged under subchapter I of chapter 63 of title 5, United States Code, Is entitled to a reeredlt of that leave under that subchapter If he would have been entitled to reeredlt for It on reentering the leave system under which It was earned. However, this section does not revive leave already forfeited.”

 In reaching our decision, we are not unmindful of the service plaintiff performed while serving as a doctor in the Bureau of Indian Affairs. Plaintiff’s accumulation of much unused sick leave while with the Indian Service seems good testimony to his devotion to his position.